# STATE OF MICHIGAN

# COURT OF APPEALS

---

CARMEL BROWN,

       Plaintiff-Appellant,

v

FERROUS PROCESSING AND TRADING
COMPANY, CONESTOGA-ROVERS &
ASSOCIATES, INC., and WEAVERTOWN
ENVIRONMENTAL GROUP, INC., d/b/a
WEAVERTOWN GROUP INC.,

       Defendants-Appellees,

and

DEARBORN REFINING COMPANY,

       Defendant.

UNPUBLISHED
December 9, 2014


No. 316666
Wayne Circuit Court
LC No. 10-015046-NI

---

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. (*dissenting*)

I respectfully dissent and would hold that the trial court erred in failing to find genuine questions of material fact.

I agree with the majority's analysis of the law, but I would find ample evidence in the record to establish a genuine question of material fact for trial. The work site was known to be unstable and dangerous, and all who worked on site were expected to proceed with great caution. The eyewitnesses to the injury consistently stated that flames came out of the tank while plaintiff was cutting the tank with his torch. Defendants not only did not witness the accident, they discarded plaintiff's burned clothing instead of preserving it for possible analysis and testing. Furthermore, there is apparently some dispute as to which tank was involved, one of which had paperwork certifying that it had been cleaned and the other of which did not. A few days prior to the injury, there was a documented flare-up on a tank undergoing processing that was found not to have been properly cleaned.

The majority provides a list of matters about which plaintiff failed to provide testimony, to wit:

> (1) that residual oil in a storage tank poses a risk of fire, (2) that oil is flammable, (3) the amount of oil required to start a fire, (4) that other types of flammable substances could have been in the storage tank, (5) that a torch-cutting process could ignite oil or another substance that remained in the tank, or (6) that, more likely than not, but for defendants' failure to properly inspect and clean the storage tank of residual oil or another substance, plaintiff would not have been burned.

I simply fail to apprehend why at least some of those matters even require testimony, it being a matter of common, everyday knowledge and experience that very few oils are *not* flammable, and certainly the hydrocarbon oils that would have been stored in the tank are very well known to be flammable. It consequently stands to reason that fire is likely to ignite flammable substances, and the presence of flammable substances in an oxygenated environment poses a risk of fire. These are not arcane scientific matters of great mystery to ordinary adults. It was known that these tanks were used for storing oil; I likewise fail to apprehend why special testimony would be required to show that, unless they had been specifically tampered with, anything other than oil would be present inside, or to show that, unless they had been inspected and cleaned, some residual oil would *not* remain inside. Expert testimony is only proper where the matters being testified to would be outside the knowledge or understanding of jurors. The obvious causal connection between storing oil in a container, failing to clean the container, exposing the container to flame, and some manner of resulting combustion is not rocket science.

I agree with the majority that plaintiff's theory of the case must amount to more than a possibility or mere conjecture to withstand summary disposition. Here, however, I perceive no way to seriously dispute that the tanks by default were contaminated with potentially dangerous, flammable oil that would naturally tend to combust when exposed to oxygen and flame, something that requires no expertise to appreciate poses a danger to anything nearby. There is a serious disagreement as to whether the tank had, in fact, been cleaned. Whether any party truly understood what actually occurred, the evidence appears, within the confines of the established factual dispute, to point far more naturally to plaintiff's theory of the case than to defendants' theory that molten metal must have splattered onto plaintiff's clothes. I would find that there is a genuine question of material fact and that plaintiff has established more than a merely possible theory of causation. However, because the majority does not address any other issues, I decline to do so at this time as well.

/s/ Amy Ronayne Krause